This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42777

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JOSHUA CHAVEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Stephen Wayne, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}**    This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm. Although we affirm Defendant's conviction, we remand to the district court for correction of a typographical error in the judgment and sentence.

**{2}** Following a jury trial and the entry of a no-contest plea, Defendant appeals from the district court's judgment and sentence convicting him of a number of charges. Defendant appeals the sufficiency of the evidence to support his jury trial conviction for concealing identification, contrary to NMSA 1978, Section 30-22-3 (1963) [BIC 6-10], and states that the judgment and sentence contains a clerical error in need of correction [BIC 11-12]. We first address Defendant's argument that the evidence was insufficient to support his conviction for concealing identity.

**{3}** "Section 30-22-3 requires proof of three elements: (1) the defendant concealed his name or identity, (2) with intent to obstruct, hinder, interrupt, or intimidate, (3) any public officer or person acting in legal performance of his duty." *State v. Ortiz*, 2017-NMCA-006, ¶ 10, 387 P.3d 323. Defendant contends that the evidence was insufficient to support his conviction because there was no reasonable suspicion that he committed a crime and, therefore, the investigating officer could not lawfully detain Defendant or otherwise require Defendant to identify himself. [BIC 10]

**{4}** "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (alteration, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). Further, "appellate courts do not search for inferences supporting a contrary verdict or re-weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Id.* (internal quotation marks and citation omitted).

**{5}** On appeal, we look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)). Relevant to Defendant's appellate arguments, the jury instructions here required the State to prove beyond a reasonable doubt that Detective Stearns, the investigating officer, "had reasonable suspicion to detain and question [Defendant]" and that Detective Stearns was acting "in a legal performance of his duty." [RP 95] The jury was also instructed that "[a] reasonable suspicion is a particularized suspicion, based on all the circumstances, that a particular individual, the one detained, is breaking or had broken the law." [RP 96] We review questions of reasonable suspicion de novo. *Ortiz*, 2017-NMCA-006, ¶ 13.

**{6}** Defendant's brief in chief indicates that the jury heard testimony that on the relevant date Detective Stearns was dispatched to the Boys and Girls Club (the Club) parking lot to locate a Native American man wearing khaki pants and a brown shirt who was walking through the parking lot toward the backside of the Club. [BIC 1] Detective Stearns saw Defendant, a man fitting that description, walking near the location where the Detective Stearns was dispatched. [BIC 2] Detective Stearns approached Defendant on foot, introduced himself, and explained that he was investigating a crime—a larceny

or burglary of a nearby aquatic center that had occurred on an earlier date. [BIC 2] Detective Stearns asked Defendant for his name and informed Defendant that he was suspected of using a stolen access card to gain entry to the aquatic center and stealing coins or change from the center once inside. [BIC 2]

**{7}** Defendant told Detective Stearns that he did not have to provide his name to the detective and that he did not commit a crime. [BIC 2] However, Defendant also admitted that he had just come from the aquatic center and he used his cousin's membership card to gain entry into the center. [BIC 2] In response, Detective Stearns stated that Defendant was not free to leave, that Defendant was in investigative detention, and that he was required by law to identify himself. [BIC 2] Defendant then asked for more information or a police report on the alleged crime that the Detective suspected Defendant of committing, to which Detective Stearns informed Defendant that he had limited information about the alleged crime. [BIC 2] Detective Stearns reiterated to Defendant that he was giving "a lawful and legal order to [Defendant to] identify himself." [BIC 2] Defendant refused to provide his name, and this exchange repeated itself several times. [BIC 2]

**{8}** As a result of Defendant's repeated refusal to provide his name, Detective Stearns questioned whether Defendant was attempting to conceal his identity, which Defendant denied. [BIC 2] Defendant continued to maintain that he did not commit a crime and that was why he was unwilling to provide his name. [BIC 2-3] Ultimately, Detective Stearns called for backup officer assistance. [BIC 3]

**{9}** "Reasonable suspicion exists where an officer can point to specific articulable facts, together with rational inferences from those facts that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring." *Ortiz*, 2017-NMCA-006, ¶ 13 (text only) (citation omitted). Here, Detective Stearns was dispatched to investigate a larceny or robbery and Defendant matched the description of the alleged offender and was nearby to the location where Defendant Stearns was dispatched. [BIC 2-3] Under those circumstances, we conclude that Detective Stearns had reasonable suspicion to conduct a brief investigatory stop of Defendant. *See id.* Even if it were true, as Defendant maintains, that Defendant had not committed any crime, it would not negate our conclusion that the facts known to Detective Stearns at the inception of the stop amounted to reasonable suspicion. *See id.* (noting that reasonable suspicion "can arise from wholly lawful conduct" (text only) (citation omitted)).

**{10}** Because we determine that Detective Stearns had reasonable suspicion to investigate Defendant, we also conclude that the State presented sufficient evidence that Detective Stearns was acting in the legal performance of his duty when he initiated the encounter with Defendant. *See State v. Penman*, 2024-NMSC-024, 562 P.3d 537 ("[A]n officer is lawfully discharging their duties when they are acting within the scope of what the officer is employed to do. An officer is not lawfully discharging their duties when the officer has no grounds to believe that [the] defendant was committing or had committed a criminal offense and there was no legitimate reason for stopping the

defendant." (text only) (citations omitted)). Accordingly, viewing the above-mentioned evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we propose to conclude that there was sufficient evidence to support Defendant's conviction for concealing identity beyond a reasonable doubt. *See Slade*, 2014-NMCA-088, ¶ 13; *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (explaining that the "jury is free to reject [the] defendant's version of the facts").

**{11}** We next address Defendant's contention that the judgment and sentence contain a clerical error in need of correction. [BIC 11-12] We agree. Specifically, the jury convicted Defendant of resisting, evading or obstructing an officer based on the requirements of NMSA 1978, Section 30-22-1(D) (1981) [RP 96], but Defendant's judgment and sentence reflects a conviction for resisting, evading or obstructing an officer under Section 30-22-1(B) [RP 148], instead of Section 30-22-1(D).

**{12}** For the reasons stated above, we affirm Defendant's conviction. Although we affirm, we remand to the district court for correction of the above-specified typographical error in the judgment and sentence.

**{13}  IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**MEGAN P. DUFFY, Judge**